UNITED STATES DISTRICT COURT JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 20-414-JFW(JCx)** Date:  March 18, 2021

Title: Angelica Mora -v- Stars Planet, Inc., et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly** **None Present**
   **Courtroom Deputy** **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:** **ATTORNEYS PRESENT FOR DEFENDANTS:**
 None None

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING PLAINTIFFS' UNOPPOSED
 MOTION FOR APPROVAL OF FLSA SETTLEMENT
 [filed 2/22/2021; Docket No. 75]

   On April 22, 2021, Plaintiffs Angelica Mora, Giselle Ojeda, Wanda Brock, Amande DeSimone, Sara Gohl, Monica Huldt, Asppen Webber, Amara Paladino, Yordanka Parra Guerrero, Janee Collins, Louise Chatkowski, Wednesday Webber, Breiana Guentner, and Jessica Schloss (collectively, "Plaintiffs") filed an Unopposed Motion for Approval of FLSA Settlement ("Motion"), requesting approval of the settlement agreements reached between Plaintiffs and Defendants Star Planet, Inc. dba Silver Reign Gentleman's Club, Jose Diaz, Stanley Yang, Becky Sheely, and David Chew (collectively, "Defendants").  On March 10 and March 11, 2021, Defendants filed Notices of Non-Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for March 22, 2021 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

   The FLSA was enacted to protect workers from "substandard wages and oppressive working hours." *Adair v. City of Kirkland*, 185 F.3d 1055, 1059 (9th Cir. 1999) (quoting *Barrentine v. Ark.–Best Freight Sys.*, 450 U.S. 728, 739 (1981)). "'The FLSA places strict limits on an employee's ability to waive claims for unpaid wages or overtime . . . for fear that employers may coerce employees into settlement and waiver.'" *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 175 (S.D. Cal. 2015)).  "Accordingly, claims for unpaid wages under the FLSA may only be waived or otherwise settled if settlement is supervised by the Secretary of Labor or approved by a district court."  *Selk*, 159 F. Supp. 3d at 1172.

   "In reviewing a FLSA settlement, a district court must determine whether the settlement

represents a 'fair and reasonable resolution of a bona fide dispute.'" *Id.* (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53, 1355 (11th Cir. 1982)).  As the district court stated in *Selk*:

> A bona fide dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability. There must be some doubt that the plaintiffs would succeed on the merits through litigation of their FLSA claims.  If there is no question that the FLSA entitles plaintiffs to the compensation they seek, then a court will not approve a settlement because to do so would allow the employer to avoid the full cost of complying with the statute.

159 F. Supp. 3d at 1172 (quotations, citations, and alterations omitted).

After a district court has found that a bona fide dispute exists, it must then determine whether the FLSA settlement is fair and reasonable. *Id.*  The Court evaluates the following factors in determining whether the FLSA settlement is fair and reasonable: "(1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion." *Id.* at 1173. "In considering these factors under a totality of the circumstances approach, a district court must ultimately be satisfied that the settlement's overall effect is to vindicate, rather than frustrate, the purposes of the FLSA." *Id.*

For the reasons stated in Plaintiffs' Motion, the Court finds that the settlements represent a fair and reasonable resolution of a bona fide dispute and **GRANTS** Plaintiffs' Motion.  The settlement of $775,000 is approved, and is allocated as follows: $401,244.52 to Plaintiffs as specified in the Settlement Agreements (attached as Exhibits 1 through 14 to the Declaration of John P. Kristensen), $348,750.00 in reasonable attorneys' fees to Kristensen LLP and Hughes Ellzey, LLP, and $25,005.48 in costs.

IT IS SO ORDERED.